## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CYAN CASADO, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| DEL FRISCO'S OF GEORGIA, | ) | |
| LLC d/b/a BARCELONA | ) | |
| WINE BAR, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

## COMPLAINT

Plaintiff Cyan Casado ("Plaintiff"), by and through counsel, files this Complaint against Defendant Del Frisco's of Georgia, LLC d/b/a Barcelona Wine Bar ("Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees.   Plaintiff alleges as follows:

### PARTIES

1.    Plaintiff is an adult resident of Fulton County, Georgia.

2.    Defendant Del Frisco's of Georgia, LLC is a Georgia corporation with its principal place of business at 236 Perimeter Center Pkwy. NE, Suite 120, Dunwoody, GA 30346.

3.     Defendant's registered agent is Corporate Creations Network, Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA 30066.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the present action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.     Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391.   Defendant transacts business in this judicial district, and a substantial portion of the events giving rise to the claims herein occurred in this judicial district.

## COVERAGE UNDER THE FLSA

6.     Plaintiff was employed by Defendant during the period approximately July 15, 2019 through October 11, 2019.

7.     At all relevant times, Plaintiff was an "employee" of Defendant and covered under the FLSA, 29 U.S.C. §§ 201 *et seq.*

8.     At all relevant times, Defendant was the "employer" of Plaintiff.

9.     At all relevant times, Defendant had multiple employees, including Plaintiff, handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

10.    At all relevant times, Defendant was an enterprise with annual gross volume of sales made or business done of not less than $500,000.00.

2

## FACTS

11.     Defendant owns and operates Barcelona Wine Bar located at 240 North Highland Avenue Northeast, Atlanta, GA 30307 (the "Restaurant").  The Restaurant had annual gross volume of sales made or business done of not less than $500,000 during all relevant time periods.

12.     Plaintiff was hired by and began employment by Defendant at the Restaurant as a server on or about July 15, 2019.

13.     Plaintiff's employment by Defendant ended on or about October 11, 2019.

14.     Plaintiff was denied earned wages by Defendant while working at the Restaurant.

15.     Plaintiff was denied overtime wages by Defendant while working at the Restaurant.

16.     At all relevant times, Plaintiff was a non-exempt, tipped employee of Defendant.

17.     Federal law permits Defendant to pay employees such as Plaintiff less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

18.     As a server at the Restaurant, Plaintiff's duties included, but were not limited to, taking customer's orders, answering questions about the menu and food,

taking payment, communicating orders with the kitchen staff, seating customers, and helping with customer service.

29.   Plaintiff also was required to perform extensive duties unrelated to customer service that were substantial and amounted to a separate, non-server occupation.  These duties were not contemporaneous with customer service server duties.  These duties were performed both before and after customer service shifts and for extensive periods of time.  Such non-server, pre-shift and post-shift duties included, but were not limited to: extensive cleaning throughout the restaurant and in areas unrelated to server stations, brewing beverages, cutting lemons and other garnishes, filling ice bins, polishing and stocking glassware, cleaning under tables and booths, sweeping/vacuuming floors, cleaning and restocking drink station, cleaning and stocking the bar station, cleaning and restocking the server station, cleaning floors on the patio, and other non-server duties unrelated to customer service.  While performing these duties, Plaintiff was not able to earn tips.

30.   There was a clear dividing line between Plaintiff's server duties and Plaintiff's non-server duties, particularly because extensive non-server duties were required before and after the restaurant was open, and before and after Plaintiff's customers were being served.

31.   Plaintiff's non-server duties extended to the entire restaurant rather than areas where he served customers.

4

32.     These non-server duties consumed a substantial portion of Plaintiff's workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes and longer than *de minimis* time periods, and were for more than 20% of Plaintiff's workdays.

33.     At all relevant times, Plaintiff was required to arrive at the restaurant 60 minutes prior to the restaurant opening to perform non-server and other non-tip producing tasks.

34.     The duties Plaintiff performed for the 60-minute period before restaurant opening were non-server duties and were performed at easily demarcated times when Plaintiff did not and could not earn tips.  These non-server duties usually continued beyond the restaurant opening because Plaintiff would often not be assigned a customer until 30 to 60 minutes after the restaurant had opened.

35.     Plaintiff often was required to perform non-server duties and non-tip producing side work for extended periods of time at the beginning of a shift while waiting to be assigned a customer.

36.     Plaintiff often also was required to remain at the Restaurant for substantial time periods after the Restaurant had closed and all customers had left.

37.     When working a closing shift, Plaintiff often was required to remain at the restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the restaurant.

5

38.     Plaintiff often was required to perform non-server work after his last assigned table had closed out, but before the Restaurant closed.

39.     For a substantial portion of Plaintiff's hours performing non-server duties and non-tip producing side work, Plaintiff was paid a wage less than minimum wage.

40.     Defendant denied Plaintiff minimum wage compensation for these discrete and easy-to-identify periods where Plaintiff was performing non-tip related tasks and no customers were in the building.

41.     Defendant violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for these non-server duties amounting to a separate occupation.

42.     Defendant maintained records of hours that Plaintiff worked.

43.     Even if the non-server duties Defendant required Plaintiff to perform were related to his tipped occupation, Defendant violated the FLSA by its policy and practice of requiring Plaintiff to perform such work for a substantial amount of his time worked during the workweek, and during discrete periods before and after his shift when Plaintiff could not earn any tips.

44.     Plaintiff also was required to perform tasks that were unrelated to and not incidental to his tip-producing occupation without being paid a minimum wage.

45.     Defendant's policy and practice of requiring Plaintiff to perform excessive and/or unrelated non-server duties while paying him sub-minimum, tip-credit wages violates the FLSA.

46.     Plaintiff often worked in excess of 40 hours per work week.

47.     Defendant improperly calculated Plaintiff's overtime wages and applied a tip credit on overtime hours that exceeded the tip credits on straight-time hours.

48.     Defendant's overtime calculations were improper because (1) it resulted in a tip credit being claimed for overtime that was greater than the tip credit taken on straight-time hours; and (2) Defendant did not include the proper $7.25 wages for Plaintiff's non-server duties when calculating overtime.  Defendant thus did not pay Plaintiff the wages that he earned for overtime hours.

**COUNT I**
**FAIR LABOR STANDARDS ACT VIOLATIONS-**
**MINIMUM WAGE**

49.     Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

50.     At all relevant times, Defendant was Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

51.     At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

52.     At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

53.     At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed before Restaurant opening and/or before Plaintiff was assigned customers.

54.     At all relevant times, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed after Restaurant closing and/or after Plaintiff was serving customers.

55.     At all relevant times, Defendant improperly calculated and improperly paid overtime for its tipped employees, including Plaintiff.

56.     When calculating overtime for tipped employees, including Plaintiff, Defendant claimed an improper and excessive tip credit for overtime hours, including claiming tip credits for overtime that was greater than the tip credit taken on some of Plaintiff's tipped wages.

57.     When calculating overtime for tipped employees, including Plaintiff, Defendant did not include the proper minimum wage ($7.25) for Plaintiff's non-server duties when calculating overtime.

58.     As a result of Defendant's willful failure to pay Plaintiff the appropriate overtime wage, Defendant violated the FLSA, 29 U.S.C. §§ 207(a)(2) and 215(a).

59.     Defendant's conduct of failing to pay minimum wage and overtime constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

60.     Due to Defendant's FLSA violations, Plaintiff was damaged and is entitled to recover from Defendant compensation for unpaid minimum wage; unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and requests that this Court grant the following relief against Defendant:

A.     An award of unpaid compensation for wages including overtime and minimum wage to Plaintiff;

B.     An award of all liquidated damages for unpaid wages to Plaintiff;

C.     An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D.     Such other and further relief as this Court deems just and proper.

Respectfully submitted this December 23, 2019,

**HALL & LAMPROS, LLP**

*/s/ Gordon Van Remmen*
Christopher B. Hall
Ga Bar No. 318380
Gordon Van Remmen
Ga Bar No. 215512

HALL & LAMPROS, LLP
400 Galleria Parkway
Suite 1150
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for the Plaintiffs*

Plaintiff's counsel certifies that this complaint is in 14-point Times New Roman font.